**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

JOSE MANUEL
HERNANDEZ-MIRANDA,

      Petitioner,

v.                                      Case No. 5:19-cv-535-Oc-32PRL

WARDEN, FCC COLEMAN-MEDIUM,

      Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Jose Manuel Hernandez-Miranda filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. See Doc. 1. Petitioner is challenging his federal (Middle District of Florida, Tampa Division) convictions for: one count of conspiracy to distribute methamphetamine; two counts of murder in aid of racketeering activities; and two counts of causing death in the course of using a firearm during and in relation to a drug trafficking offense. United States v. Hernandez-Miranda, No. 8:98-cr-436-RAL-TGW-4 (M.D. Fla. Aug. 8, 2003) (Doc. 221). He is currently confined at Coleman FCI – Medium where he is serving a life term of incarceration without parole. He alleges that he was seventeen years old when he began committing the offenses for which he was convicted, and in light of Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), his life sentence violates the Eighth Amendment.

A federal prisoner has two options when pursuing postconviction relief. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (quoting Darby v. Hawk–Sawyer, 405 F.3d 942, 944 (11th Cir. 2005)) (abrogated on other grounds). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). "[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on . . . § 2255 motions by nominally bringing suit under § 2241." Id. at 1351. Here, Petitioner does not challenge the execution of his sentence but rather its legality. Therefore, § 2255, not § 2241, is the appropriate statutory vehicle for his claims. See, e.g., United States v. Cole, 417 F. App'x 922, 923 (11th Cir. 2011) (holding that "if [the petitioner] wishes to challenge the constitutionality of his sentence, the proper method is in collateral attack under 28 U.S.C. § 2255").

Petitioner, however, asserts § 2255's "savings clause" applies to his Petition, making his claim cognizable under § 2241. See Doc. 1 at 14-18. "The saving[s] clause . . . permits a prisoner to seek collateral review by filing a § 2241 petition only if the remedy available through § 2255 'is inadequate or ineffective to test the legality of his detention.'" Strouse v. Warden, USP Coleman II, 777 F. App'x 468, 468 (11th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). "To determine whether the § 2255 remedy is inadequate or ineffective . . . [the court] must consider whether [the petitioner] could have brought his current claims in a § 2255 motion." Id. (citing McCarthan v. Dir. Of Goodwill

2

Industries-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017)). If the claim could have been brought in a § 2255 motion, "the § 2255 remedy is adequate and effective – even if the claims brought in [the § 2255] motion would have been dismissed due to a procedural bar, time limit, or circuit precedent." Id. (citing McCarthan, 851 F.3d at 1087, 1091).

Petitioner's claims fall squarely within the realm of § 2255. See Padgett v. Warden, U.S.P. Atlanta, 745 F. App'x 859, 862 (11th Cir. 2018) (holding that § 2255 motion to vacate, set aside, or correct sentence was adequate and effective remedy to challenge de facto life sentence under Miller and Graham v. Florida, 560 U.S. 48 (2010)); United States v. Morgan, 727 F. App'x 994, 995 (11th Cir. 2018) (considering the merits of petitioner's application for successive § 2255 based on Miller and Montgomery). While Petitioner states that he previously filed a motion to vacate his sentence under § 2255 and that Middle District of Florida, Tampa Division, denied his § 2255 motion, he cannot proceed under the savings clause simply because his current Petition may face a second or successive procedural bar. See McCarthan, 851 F.3d at 1086 (holding "procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy. The prisoner may still bring the claim"). As such, § 2255 remains Petitioner's exclusive remedy to raise this constitutional challenge to his sentence.[1]

---

[1] A review of the Eleventh Circuit's docket reveals that in 2016, Petitioner filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255, based on Miller and Montgomery, and the Eleventh Circuit denied the Application. See In re Hernandez-Miranda, No. 16-12893-J (11th Cir. June 28, 2016).

3

Further, a § 2255 motion collaterally attacking the constitutionality of a petitioner's sentence must be filed with the district court that imposed the petitioner's sentence. See 28 U.S.C. § 2255(a). If the petitioner seeks to file a second or successive § 2255 motion, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider the second or successive § 2255 motion. 28 U.S.C. § 2244(3)(A). If Petitioner wishes to proceed with this claim, he should file an application for leave to file a second or successive § 2255 motion in the Eleventh Circuit Court of Appeals. If his application is granted, he should file his second or successive § 2255 in the Tampa Division of this District. Accordingly, this action is due to be dismissed for lack of jurisdiction.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. The Clerk shall send Petitioner an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

4

Jax-7

c: Jose Manuel Hernandez-Miranda, #1110-021